UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA CLAIRE DAVIS,<br><br>   Plaintiff,<br><br>v.<br><br>MONTGOMERY WARD, INC.,<br><br>   Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-03135<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes VANESSA CLAIRE DAVIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MONTGOMERY WARD, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 59 year old natural person residing at 3 West 120th Street, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant's principal place of business is located at 1112 7th Avenue, Monroe, Wisconsin. Defendant regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately March 2016, Plaintiff purchased home furniture on credit from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. After experiencing financial hardship, Plaintiff became late with her payments to Defendant, thus incurring debt ("subject debt"). *See* Exhibit A.

11. Plaintiff even made an agreement with Defendant to have it pick up the items from her home. *Id.*

12. In approximately May 2016, Plaintiff started receiving calls to her cellular phone, (312) XXX-2047 from Defendant. *Id.*

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2047. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. The phone number that Defendant most often calls Plaintiff from is (877) 621-3550. *Id.*

15. Upon information and belief, the phone number ending in 3550 is regularly utilized by Defendant to contact consumers in Illinois during its debt collection activities.

16. When answering calls from Defendant, Plaintiff experiences a brief pause, lasting approximately four to five seconds in length, before a live representative begins to speak. *Id.*

17. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect upon the subject debt. *Id.*

18. Plaintiff explained to Defendant that it had already agreed to pick up the merchandise, but upon its refusal to understand the situation, she demanded that it stop contacting her. *Id.*

19. Plaintiff has told Defendant to stop calling her on multiple occasions. *Id.*

20. For instance, Plaintiff demanded that Defendant stop calling her on August 23, 2016, and reiterated her demands on September 15, 2016.

21. Despite Plaintiff's demands, Defendant has continued to regularly call her cellular phone up until the date of the filing of this complaint. *Id.*

22. Even after being told to stop contacting her, Defendant has called Plaintiff's cellular phone multiple times during the same day. *Id.*

23. When Plaintiff does not answer calls from Defendant, it leaves her a voice message on her cellular phone, stating that it is attempting to collect upon the subject debt. *Id.*

24. Plaintiff has received at least 21 calls from Defendant after asking it to stop calling. *Id.*

25. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

26. Plaintiff has suffered financial loss as a result of Defendant's actions.

27. Plaintiff has been unfairly harassed by Defendant's actions.

28. Plaintiff has suffered actual harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause, lasting approximately four to five seconds in length, that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

32. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to be contacted by Defendant using an ATDS was explicitly revoked upon her numerous demands to cease contact The calls placed by Defendant to Plaintiff were regarding attempted business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VANESSA CLAIRE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

36. Defendant's attempted collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she notified it to cease calling her on at least two occasions. After Plaintiff realized that Defendant was seeking to collect upon a debt and she was not in a position to make a payment, she told it to stop calling. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

39. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As plead in paragraphs 24 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

43. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Defendant was notified by Plaintiff that she did not wish to be contacted. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 21 times and even called multiple times during the same day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After Plaintiff first demanded that it stop calling her, Defendant had more than enough information to know that it should not continue placing phone calls to her cellular phone. However, Defendant continued to contact Plaintiff and was once again told to stop calling. Defendant, in defiance of the law, still engaged in this harassing behavior, and falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, VANESSA CLAIRE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

7

    b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 26, 2017                                          Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard, Suite 150 | 900 Jorie Boulevard, Suite 150 |
| Oak Brook, Illinois 60523 | Oak Brook, Illinois 60523 |
| (630) 575-8181 x113 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |